**Opinion filed July 8, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00220-CR

_____

## BOBBIE JACKSON CHAVEZ, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-17-1333-CR**

## M E M O R A N D U M   O P I N I O N   O N   R E M A N D

The jury convicted Appellant, Bobbie Jackson Chavez, Jr.,[1] of the second-degree felony offense of robbery. The jury assessed punishment at confinement for nine years and a fine of $2,500. We modify and affirm.

---

[1]We note that some of the documents in the record, including the indictment, show Appellant's first name to be "Bobbie" but that other documents in the record, including the judgment, show it to be "Bobby."

Appellant's court-appointed counsel has filed in this court a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, and a copy of both the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a response to counsel's *Anders* brief. In his response, Appellant asserts that he has been denied the right to effective assistance of counsel on appeal because appellate counsel did not consult with Appellant. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[2]

---

[2]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

We note, however, that the judgment contains a nonreversible error. In the judgment, the trial court ordered Appellant to pay court costs, including a Time Payment Fee of $25. In light of the recent opinion of the Court of Criminal Appeals in *Dulin*, we conclude that the time payment fee must be struck in its entirety as prematurely assessed. *See Dulin v. State*, 620 S.W.3d 129, 133 & n.29 (Tex. Crim. App. 2021). When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

Accordingly, we modify the trial court's judgment and the bill of cost to delete the time payment fee of $25, without prejudice to a time payment fee being assessed later "if, more than 30 days after the issuance of the appellate mandate, [Appellant] has failed to completely pay any fine, court costs, or restitution that he owes." *See Dulin*, 620 S.W.3d at 133.

We grant counsel's motion to withdraw; modify the judgment of the trial court as set forth above; and, as modified, affirm the judgment of the trial court.

PER CURIAM

July 8, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.